UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| YASSER FARRAG, M.D. )<br>)<br>           Plaintiff, )<br>)<br>v. )<br>)<br>ST. JOSEPH HOSPITAL AND NES MEDICAL )<br>SERVICES OF NEW ENGLAND, INC. )<br>)<br>           Defendants. ) | Civil Action No. _____ |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant St. Joseph Hospital, (hereinafter referred to as "SJH"), with the consent of Co-Defendant, NES Medical Services of New England, Inc. ("NES") (collectively, the "Defendants") hereby notices the removal of this action from the Superior Court of the State of Maine for Penobscot County (the "State Court") to the United States District Court for the District of Maine, Bangor Division. In support of this Notice of Removal, Defendants state as follows:

**STATE COURT ACTION**

1. On May 17, 2023, Plaintiff Yasser Farrag, M.D. commenced an action via electronic filing in the State Court, captioned *Yasser Farrag, M.D. v. St. Joseph Hospital and NES Medical Services of New England, Inc.*, Docket No. PENSC-CIV-2023-00064 (the "State Court Action"). The State Court Action is now pending in that court.

2. Prior to Plaintiff filing the State Court Action electronically, Plaintiff's counsel emailed SJH's counsel on May 9, 2023 with a copy of the Complaint, Summons, and Civil Summary Sheet in the State Court Action. *See* Complaint at **Exhibit A**; Summons to Defendant

SJH at **Exhibit B**; Summons to Defendant NES at **Exhibit C**; and Civil Summary Sheet at **Exhibit D** as filed in the State Court Action.

3. Counsel for SJH completed the Acknowledgement of Receipt of Summons and Complaint on May 23, 2023. *See* attached Acknowledgement Form of Defendant SJH at **Exhibit E**. Counsel for NES completed the Acknowledgement of Receipt of Summons and Complaint on May 24, 2023. *See* attached Acknowledgement Form of Defendant NES at **Exhibit F**.

4. On May 26, 2023, SJH filed a Consent Motion to Enlarge Time to Answer or Otherwise Respond to Complaint until July 14, 2023, a copy of which is attached as **Exhibit G.** The corresponding proposed order is attached as **Exhibit H.**

5. The documents attached as **Exhibits A-H** constitute "all process, pleadings, and orders" in the State Court Action, pursuant to 28 U.S.C. § 1446(a). A certified copy of the State Court record has been requested and will be filed with this Court upon receipt.

## TIMELINESS OF REMOVAL

6. This Notice of Removal is timely filed within thirty days after SJH was served with the Summons and Complaint in the State Court Action, as required by 28 U.S.C. § 1446(b)(1). *See* 28 U.S.C. § 1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999); *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529-530 (7th Cir. 2004).

7. This Notice of Removal is also filed within one year of the commencement of the State Court Action and is therefore timely under 28 U.S.C. § 1446(c)(1).

## GROUNDS FOR REMOVAL

8. Removal is proper based on this Court's original diversity jurisdiction pursuant to 28 U.S.C. § 1332. 28 U.S.C. § 1332(1) provides, in relevant part, that:

> The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States[.]

*Id.*

9. This action is a civil action over which the Court has original jurisdiction based on diversity of citizenship because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs, as set forth below.

10. Co-Defendant, NES, consents to removal.

### DIVERSITY OF CITIZENSHIP OF THE PARTIES

11. Plaintiff is an individual, and according to his Complaint, is a citizen of the state of California. *See* **Exhibit A**, Plaintiff's Compl. at ¶ 1.

12. Plaintiff alleges, and Defendants agree, that SJH is a non-profit corporation with a principal place of business in Maine. *See* **Exhibit A**, Plaintiff's Compl. at ¶ 2.

13. Plaintiff alleges, and Defendants agree, that NES is a corporation with a principal place of business in Maine. *See* **Exhibit A**, Plaintiff's Compl. at ¶ 3.

14. Given that Plaintiff is a citizen of California, and the Defendants are citizens of Maine, complete diversity exists between Plaintiff and the Defendants.

### AMOUNT IN CONTROVERSY

15. Although Plaintiff's Complaint does not specify the precise amount of damages sought, it is more likely than not that the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).[1]

---

[1] Defendants do not concede that Plaintiff's allegations are true or that his claims have any merit. Defendants cite Plaintiff's allegations only to demonstrate that the amount in controversy, based on the Complaint and the relief sought therein, taken as true, exceeds the $75,000 jurisdictional requirement.

16. "In assessing the amount in controversy, the Court considers the litigation value of the case, an amount arrived at by drawing all reasonable inferences in favor of Plaintiff's complaint." *Finley v. George Weston Bakeries Distribution, Inc.*, 473 F. Supp. 2d 105, 106 (D. Me. 2007).

17. In his Complaint, Plaintiffs seek unspecified "damages, including but not limited: lost wages and benefits, compensatory and punitive damages, including emotional pain and suffering and lost enjoyment of life, attorney's fees, costs and expenses" for Defendants' alleged violations of the Maine Whistleblowers' Protection Act (Count I). *See* **Exhibit A**, Plaintiff's Compl. at ¶ 71. Plaintiff alleges that he was contracted by NES to work as a physician and as the Medical Director for SJH. *See id.* at ¶¶ 12-16.

18. "Under long-established law, a court may consider both actual and punitive damages in determining jurisdictional amount." *Perez-Webber v. Intercoast Career Inst.*, 2:16-cv-00196-JAW, 2018 WL 2347061 at *12 (D. Me. May 23, 2018) (citing *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943)). Plaintiff specifically seeks punitive damages here in Count I of his Complaint. Thus, the Court may consider that amount in determining the jurisdictional threshold.

19. Plaintiff also seeks reasonable attorneys' fees. *See* **Exhibit A**, Plaintiff's Compl. at ¶ 71. The Court may properly consider attorneys' fees in estimating whether the amount in controversy exceeds the jurisdictional threshold if fees are available by statute should Plaintiff ultimately prevail. *Raymond v. Lane Const. Corp.*, 527 F. Supp. 2d 156, 159 (D. Me. 2007), quoting *Spielman v. Genzyme Corp.*, 251 F.3d 1, 7 (1st Cir. 2001).

20. Additionally, Plaintiff alleges that SJH's tortious interference with his employment contract as a physician (Count II) and NES's breach of that contract (Count III) caused him

unspecified damages "including, but not limited to the loss of the compensation and other benefits to which Plaintiff was entitled." *See id.* at ¶¶ 76 and 80.

21.     As a result of Plaintiff seeking wage loss damages, compensatory damages, damages for pain and suffering, punitive damages, and attorneys' fees, it is more likely than not that the amount in controversy in this case exceeds $75,000.00, exclusive of interests and costs. Accordingly, this Court has jurisdiction over the pending action pursuant to 28 U.S.C. § 1332(a). *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

## VENUE

22.     The United States District Court for the District of Maine is the District Court of the United States within which the State Court Action is currently pending, and therefore venue is proper under 28 U.S.C. §§ 1441(a) & 1446(a).

## NOTICE TO ADVERSE PARTIES AND STATE COURT

23.     Pursuant to 28 U.S.C. § 1446(d), Defendant is submitting a copy of this Notice of Removal for filing with the Clerk of the Superior Court of the State of Maine for Penobscot County.

24.     Pursuant to 28 U.S.C. § 1446(d), upon filing of this Notice of Removal, Defendant gave written notice thereof to Plaintiffs' counsel, Erik Peters, Kelly Remmel & Zimmerman, P.A., 53 Exchange Street, Portland, ME 04101.

## RESERVATION OF RIGHTS

25.     By filing the Notice of Removal, Defendant does not waive any objections it may have as to service, jurisdiction, or venue, or any other defenses available to it at law, in equity or

otherwise. Defendant intends no admission of fact or law by this Notice and expressly reserves all defenses and motions.

26. If the Court should be inclined to remand this action, Defendant requests that the Court issue an Order to Show Cause why the case should not be remanded, providing Defendant an opportunity to present briefing and argument prior to any possible review. Because a remand order is not subject to appellate review, such a procedure is appropriate.

27. As required by 28 U.S.C. § 1446(a), this Notice of Removal is signed under Rule 11 of the Federal Rules of Civil Procedure.

**RELIEF REQUESTED**

28. Defendant requests that the United States District Court for the District of Maine assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

WHEREFORE, Defendant respectfully requests that this action proceed as an action properly removed from the Superior Court of the State of Maine for Penobscot County, to the United States District Court for the District of Maine, Bangor division.

Dated:  June 8, 2023                    Respectfully submitted,

*/s/ Valerie A. Wright*
Valerie A. Wright (Bar No. 9166)
Steven J. Silver (Bar No. 5946)
LITTLER MENDELSON, P.C.
One Monument Square, Suite 600
Portland, ME 04101
Phone: (207) 699-1116
vwright@littler.com
ssilver@littler.com

*Attorneys for Defendant St. Joseph Hospital*

## CERTIFICATE OF SERVICE

I, Valerie A. Wright, hereby certify that I electronically filed the foregoing document using the CM/ECF system on the date noted below, which will send notification of such filing to the following and sent the foregoing document via First Class Mail to:

Erik Peters
Kelly, Remmel & Zimmerman, P.A.
53 Exchange Street
Portland, ME 04101
207-775-1020
epeters@krz.com


Joshua Birocco
Tucker Law Group
PO Box 696
Bangor, ME 04402
jeb@tuckerlawmaine.com

Dated:  June 8, 2023                                  Respectfully submitted,


                                                      */s/ Valerie A. Wright*
                                                      Valerie A. Wright (Bar No. 9166)
                                                      LITTLER MENDELSON, P.C.
                                                      One Monument Square, Suite 600
                                                      Portland, ME 04101
                                                      Phone:  (207) 699-1116
                                                      vwright@littler.com

                                                      *Attorney for Defendant St. Joseph Hospital*